## N THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| BLOCKBUSTER L.L.C., § § Plaintiff, § § vs. § § Civil Action No.: _____ § TOYS "R" US - DELAWARE, INC., § § Defendant. § § § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Blockbuster L.L.C. (Plaintiff" or "Blockbuster"), and for cause of action against Defendant Toys "R" Us – Delaware, Inc. ("Defendant") would respectfully show the Court the following:

### NATURE OF THE CASE, JURISDICTION, AND VENUE

1. This is a trademark infringement action, arising from the Defendant's unauthorized use of the name and mark BLOCKBUSTER and Blockbuster's distinctive blue-and-yellow color scheme in a manner likely to cause confusion, deception, and mistake.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as it arises under the Federal Trademark Act, 15 U.S.C. § 1052 *et seq*. Jurisdiction over the state law causes of action is proper under 28 U.S.C. § 1338(b) because they assert claims of unfair competition and are joined with substantial and related claims under the federal trademark laws.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant is doing business in this District and is considered to "reside" in this District for venue purposes.

## PARTIES

4. Plaintiff Blockbuster is a limited liability company organized under the laws of Colorado, with its principal place of business at 9601 S. Meridian Blvd., Englewood, Colorado 80112.

5. Defendant is a corporation organized and existing under the laws of Delaware. It is registered to do business in the State of Texas, and may be served with process through its registered agent in the State of Texas, Corporation Service Co., at its registered address of 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## BACKGROUND

6. Blockbuster, its predecessors, and related companies have spent some twenty-five (25) years and many millions of dollars building the goodwill and reputation of the BLOCKBUSTER brand of video rentals and sales in the United States and throughout the world. Store signage and other labels for BLOCKBUSTER products and services have customarily and consistently featured the word BLOCKBUSTER, using a blue and yellow color scheme. Through its extensive use of BLOCKBUSTER and related marks, including the blue and yellow color scheme, BLOCKBUSTER and the colors blue and yellow have become well-known to the trade and consuming public as signifying products and services affiliated with Plaintiff Blockbuster. Among Blockbuster's many federal trademark registrations are U.S. Trademark Registration No. 1,491,589 for BLOCKBUSTER in Class 41 for use in connection with video tape rentals (registered June 7, 1988), and U.S. Trademark Registration No. 1,601,598 for BLOCKBUSTER in Class 42 for use in connection with retail store services in the field of video

cassetes and related products (registered June 12, 1990). These registrations are fully subsisting and enforceable, and have become incontestable within the meaning of Section 15 of the Trademark Act of 1946, 15 U.S.C. § 1065.

7.  Recently, Defendant has established kiosks in more than one of its retail stores in Texas, Colorado, and on information and belief in other states. The kiosks contain DVDs of movies for sale to the public, exactly as Blockbuster has sold and rented to the public for decades. The dominant color theme of the reading panels on the kiosks is yellow on blue. Some of the kiosks read, or have read, "BLOCKBUSTER FAMILY FAVORITES," while others read, "FAMILY FAVORITES" or "FUN FOR THE WHOLE FAMILY."

8.  Given the fame of the BLOCKBUSTER brand for video movies sales and rentals, and the fame and close association of Blockbuster's yellow and blue color scheme with Plaintiff Blockbuster, it is inevitable that the use of the name BLOCKBUSTER by Defendant, and Defendant's use of a yellow-on-blue color scheme, will result in confusion of the purchasing public, who shop both at Defendant's stores and at Blockbuster stores and sites.

## COUNT I
## INFRINGEMENT OF
## TRADEMARK REGISTRATIONS
## 15 U.S.C. § 1114

9.  Blockbuster repeats the allegations above as if fully set forth herein.

10.  Defendant has used or is using in commerce a reproduction, counterfeit or colorable imitation of the marks listed in paragraph 6 above (the "BLOCKBUSTER Marks") in connection with the sale, offering for sale, distribution, and advertising of its goods and services on, or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114.

11. Defendant's infringement of the BLOCKBUSTER Marks is unjustly enriching the Defendant and causing irreparable harm to Blockbuster, which will continue unless Defendant is enjoined by this Court.

12. Defendant's conduct as described above with knowledge of Blockbuster's rights in and to the BLOCKBUSTER Marks constitutes willful infringement under Section 35 of the Trademark Act of 1946, 15 U.S.C. § 1117.

## COUNT II
## UNFAIR COMPETITION BY USE OF
## FALSE AND MISLEADING REPRESENTATIONS
## 15 U.S.C. § 1125(a)(1)(A)

13. Blockbuster repeats the allegations above as if fully set forth herein.

14. The word and mark BLOCKBUSTER is inherently distinctive. In addition, as a result of Blockbuster and its predecessor's continuous and extensive use of the BLOCKBUSTER Marks and the blue and yellow color scheme for about 25 years, these trademarks have become well known as denoting Plaintiff's goods and services.

15. Defendant's use of the name and mark BLOCKBUSTER and the yellow and blue color scheme on its kiosks in multiple states constitute use in connection with Defendant's goods and services of false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Blockbuster, or as to the origin, sponsorship, or approval of Defendant's services by Blockbuster, all in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

16. Defendant's acts as described above have been willful and are likely to cause confusion among the relevant purchasing public. This confusion unjustly enriches Defendant and

constitutes irreparable harm to Blockbuster, which will continue unless Defendant is enjoined by this Court.

## COUNT III
## DILUTION UNDER FEDERAL TRADEMARK LAW

17. Blockbuster repeats the allegations above as if fully set forth herein.

18. The name and mark BLOCKBUSTER and the yellow and blue color scheme have become well-known to the consuming public as identifying goods and services of Blockbuster, and have become "famous" within the meaning of that term under the Federal Trademark Act. The Defendant's use of the name and mark BLOCKBUSTER and the blue and yellow color scheme have the intention and effect of diluting the distinctive quality of these marks, and have caused and are causing Blockbuster irreparable harm, all in violation of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

## COUNT IV
## UNFAIR COMPETITION BY TRADEMARK
## INFRINGEMENT AND DILUTION UNDER TEXAS LAW

19. Blockbuster repeats the allegations above as if fully set forth herein.

20. Defendant's use of the name and mark BLOCKBUSTER and the blue and yellow color scheme are likely to cause confusion, or to cause mistake, or to deceive, the public as to the source of origin of Defendant's goods, or as to the affiliation or association of Defendant or Defendant's products with Blockbuster. These acts of Defendant constitute trademark infringement under the common law of the State of Texas.

21. Defendant's use of the name and mark BLOCKBUSTER and the yellow and blue color scheme are likely to injure Plaintiff's business reputation or to dilute the distinctive quality of the BLOCKBUSTER trademark and constitute injury to business reputation and dilution under Texas State Law. TEX. BUS. & COMM. CODE Ann. § 16.29.

## COUNT V
## UNJUST ENRICHMENT AND
## REQUEST FOR ACCOUNTING

22. Blockbuster repeats the above allegations as if fully set forth herein.

23. Defendant's use of the BLOCKBUSTER name and mark and the yellow and blue color scheme has been willful and has unjustly enriched Defendant, in an amount to be determined at trial. Plaintiff seeks a full accounting of all amounts received by Defendant from sales or rentals of products made using the BLOCKBUSTER name and mark or the yellow and blue color scheme, and any other amounts by which Defendant has been unjustly enriched.

## COUNT VI
## REQUEST FOR DECLARATORY JUDGMENT

24. Blockbuster repeats the above allegations as if fully set forth herein.

25. Blockbuster seeks a declaration under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.003, that Defendant's use of the name and mark BLOCKBUSTER and the yellow and blue color scheme constitutes infringement and dilution of Blockbuster's rights in the BLOCKBUSTER Marks and the yellow and blue color scheme, which have been used in Texas by Blockbuster and its predecessors for many years prior to Defendant's first use of either.

## COUNT VII
## REQUEST FOR ATTORNEYS' FEES

26. Blockbuster repeats the allegations above as if fully set forth herein.

27. Defendant's actions have required Blockbuster to employ the undersigned law firm to represent it in this matter, and Blockbuster has agreed to pay it a reasonable fee for its services. Blockbuster is entitled to recover that fee pursuant to Sections 37.009 and 38.001 *et seq.* of the Texas Civil Practice and Remedies Code.

4437325.1/SP/15556/1390/121412

28. In addition, Defendant's acts of trademark infringement and unfair competition have been willful and deliberate. This constitutes an "exceptional case" within the meaning of 15 U.S.C. § 1117(a), entitling Blockbuster to recover its fees and expenses.

## COUNT VIII
## REQUEST FOR ENHANCED DAMAGES

29. Blockbuster repeats the allegations above as if fully set forth herein.

30. Defendant's acts have been carried out with a flagrant disregard for the rights of Blockbuster and with actual awareness that their acts will, in reasonable probability, result in injury to Blockbuster. Accordingly, in addition to its actual damages, Blockbuster is entitled to an award of punitive or exemplary damages, in an amount to be determined at trial but not less than three times the actual damages it has incurred.

## COUNT IX
## APPLICATION FOR
## PRELIMINARY AND PERMANENT INJUNCTION

31. Blockbuster repeats the allegations above as if fully set forth herein.

32. Defendant's actions as described above have caused and will continue to cause irreparable harm to Blockbuster for which there is no adequate remedy at law. Defendant's actions are likely to continue unless and until enjoined by this Court. Blockbuster therefore asks that Defendant be enjoined, preliminarily during the pendency of this litigation, and thereafter permanently, from continuing in its infringing and unlawful acts as described above and prayed for below.

## COUNT X
## REQUEST FOR EXPEDITED DISCOVERY

33. Blockbuster repeats the allegations above as if fully set forth herein.

4437325.1/SP/15556/1390/121412

34. In light of the above, Blockbuster requests expedited discovery from Defendant. Blockbuster requests that the Court order the Defendant to provide documents and things requested, and respond to interrogatories, within seven (7) days of an order approving this request and the accompanying discovery requests, and to appear for a videotaped oral deposition on shortened notice of ten (10) days.

## PRAYER

Blockbuster respectfully requests:

(1) that this Court declare that Defendant's use of the name and mark BLOCKBUSTER and the yellow and blue color scheme constitutes infringement and dilution of Blockbuster's rights in the mark BLOCKBUSTER and the yellow and blue color scheme;

(2) that this Court preliminarily and thereafter permanently enjoin Defendant, its parents, subsidiaries, officers, directors, employees, agents, licensees and franchisees, and all persons acting in participation or concert with Defendant:

(a) from using the name and mark BLOCKBUSTER, legends written in yellow on blue or in blue on yellow, or any other name or mark confusingly similar to the BLOCKBUSTER mark, or any copy or colorable imitation of any of the BLOCKBUSTER Marks in connection with the sale, advertising or promotion of any movies or music products or services;

(b) from using the name and mark BLOCKBUSTER, legends written in yellow on blue or in blue on yellow, or any other trademark or trade name or trade dress confusingly similar to the BLOCKBUSTER mark in any manner likely to injure Blockbuster's business reputation, or to dilute the distinctive quality of the BLOCKBUSTER Marks; or

    (c) from using in commerce the name and mark BLOCKBUSTER, legends written in yellow on blue or in blue on yellow, or any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant with Blockbuster, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Blockbuster;

  (3) that in the granting of any injunctive relief the Court direct Defendant to file with this Court and serve on Blockbuster, within thirty (30) days after the service on Defendant of the injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction;

  (4) that the Defendant be ordered to deliver up for destruction any and all labels, signs, prints, packages, wrappers, receptacles, and advertising in the Defendant's possession bearing the BLOCKBUSTER name and mark or in which legends have been printed in blue on yellow, or in yellow on blue, in connection with the sale, advertising or promotion of any movies or music products or services;

  (5) that Defendant be ordered to account for and pay over to Blockbuster, within thirty (30) days, all amounts by which it has been unjustly enriched as a result of the conduct described herein;

  (6) that Blockbuster have and recover its actual damages as a result of the Defendant's conduct, together with such enhanced damages as the Court may find reasonable and just;

(7) that Blockbuster have and recover its reasonable and necessary attorneys' fees and expenses in this behalf expended, together with interest as provided by law and costs of court; and

(8) that Blockbuster recover such further and other relief, legal or equitable, general or special, as to which it may be justly entitled.

DATED December ____, 2012.

Respectfully submitted,

/s/ Charles M. Hosch
**CHARLES M. HOSCH**
State Bar No. 10026925
Charles.hosch@strasburger.com
**LAUREN T. BECKER**
State Bar No. 24046983
Lauren.becker@strasburger.com

**STRASBURGER & PRICE, LLP**
4400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

**ATTORNEYS FOR PLAINTIFF**
**BLOCKBUSTER L.L.C.**